IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,298-01






EX PARTE STEPHEN RAY SMITH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W9912-1 IN THE 355
TH DISTRICT COURT


FROM HOOD COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and
sentenced to ninety-nine (99) years' imprisonment. The Second Court of Appeals dismissed his
appeal for want of jurisdiction. See Smith v. State, No 2-06-262-CR (Tex. App.- Fort Worth, 2006
no pet.) 

 Applicant contends inter alia that his appellate counsel Grady Swindle rendered ineffective
assistance because counsel failed to timely file a notice of appeal. 

 The trial court has entered findings of fact and conclusions of law recommending that relief
be granted. The trial court found that Applicant was convicted on May 24, 2006, and that the trial
court appointed Grady Swindle to represent Applicant on appeal on May 30, 2006. The trial court
found that Swindle filed the notice of appeal and a motion for a new trial on July 21, 2006, which
was after the deadline to file a notice of appeal had passed. The trial court found that the Second
Court of Appeals dismissed Applicant's appeal because of the untimely notice of appeal. The trial
court concluded that Applicants was denied the effective assistance of appellate counsel and
recommended that relief be granted. The Second Court of Appeals stated in its memorandum
opinion that it notified Appellant about the untimely notice of appeal on July 31, 2006, and requested
that Appellant file a response showing grounds for continuing the appeal. However, no such
response was filed. 

 Applicant has alleged facts that, if true, might entitle his to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide counsel with the opportunity to respond to Applicant's claim of ineffective assistance
of counsel on appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d) in that it shall order Gary Swindle to file an affidavit responding to Applicant's
allegations of ineffective assistance of counsel. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to why counsel failed to file a timely notice of
appeal. The trial court shall also make findings of fact as to why counsel failed to file a response to
the Second Court of Appeal's request to show grounds for continuing the appeal. The trial court
shall also make findings of fact as to whether Applicant was denied his right to a meaningful appeal
because Applicant's counsel failed to timely file a notice of appeal. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: April 25, 2007

Do not publish